UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| GLEN SPRADLING, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 3:19-CV-202-RLJ-HBG |
| CLAIBORNE COUNTY JAIL, ADAM WILSON, SOUTHERN HEALTH PARTNERS, RUSTY LOZA,[1] SGT. JOHN WILSON, SGT. CODY LOWE, and OFFICER DILLON JACKSON, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This is a former prisoner's pro se complaint for violation of 42 U.S.C. § 1983. Now before the Court are Defendants' motions for summary judgment based on, among other things, Plaintiff's failure to exhaust his administrative remedies prior to filing this action as the Prison Litigation Reform Act ("PLRA") requires[2] [Docs. 24, 27]. In support of Defendants Claiborne County Jail, Wilson, Lowe, and Jackson's motion for summary judgment, these Defendants filed a statement of material facts [Doc. 25], a memorandum [Doc. 26], and an affidavit from the Chief Deputy of the Claiborne County Sheriff's Office [Doc. 26-1]. In support Defendants Southern Health Partners and Loza's motion for summary judgment, these Defendants filed a memorandum [Doc.

---

[1] The Clerk will be **DIRECTED** to correct the spelling of Defendant Loza's name [Doc. 27 p. 1].

[2] Defendants also assert that they are entitled to summary judgment based on qualified immunity, Plaintiff's inability to establish that he was denied medical care, and Plaintiff's failure to allege a custom or policy [Doc. 24 p. 1; Doc. 28 p. 4–6]. But as the Court finds that Defendants have met their burden to establish that they are entitled to summary judgment due to Plaintiff's failure to exhaust his administrative remedies, it will not reach these arguments.

28] and a declaration from Defendant Loza [Doc. 27-1]. Defendants Southern Health Partners and Loza also rely on Defendants Claiborne County Jail, Wilson, Lowe, and Jackson's motion for summary judgment filings to support their motion [Doc. 27 p. 2].

Plaintiff, who is no longer incarcerated [Doc. 19], has not filed a response to either of these motions, and his time for doing so has passed. *See* E.D. Tenn. L.R. 7.1. Thus, Plaintiff waived any opposition thereto. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978); E.D. Tenn. LR 7.2.

For the reasons set forth below, these motions [Docs. 24, 27] will be **GRANTED**.

## I. STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cty.*, 625 F.3d 935, 940 (6th Cir. 2010). However, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court is required to, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id.* In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently

2

Case 3:19-cv-00202-RLJ-HBG   Document 32   Filed 10/15/20   Page 2 of 5   PageID #: 147

and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.*

## II.     COMPLAINT ALLEGATIONS

While Plaintiff was in the Claiborne County Jail, he told all officers that he was in fear for his health and safety and asked to be housed in protective custody [Doc. 1 p. 3–4]. However, that request was denied, and on April 30, 2019, inmates assaulted Plaintiff in the pod where he was housed, which officers witnessed [*Id.* at 4]. Also, while Plaintiff was restrained after this assault, unspecified officers allowed another inmate to hit him, and he did not receive medical care for his injuries resulting from this incident [*Id.*]. Plaintiff also generally states that he grieved this incident through the institutional grievance procedure but got "no result" [*Id.* at 2].

## III.    ANALYSIS

As set forth above, Defendants seek summary judgment in their favor based on, among other things, Plaintiff's failure to exhaust his administrative remedies prior to filing this lawsuit. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requires "proper exhaustion" of prisoners' administrative remedies for all claims. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). As such, prisoners must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88.

To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "'critical procedural rules'" in a manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "'on the merits.'" *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S.

3

Case 3:19-cv-00202-RLJ-HBG   Document 32   Filed 10/15/20   Page 3 of 5   PageID #: 148

at 81, 95)). "There is no uniform federal exhaustion standard [and] [a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

As set forth above, in support of their assertion that Plaintiff failed to properly exhaust his administrative remedies for the incident underlying his complaint prior to filing this action, Defendants rely on the affidavit of the Chief Deputy of the Campbell County Sheriff's Office, Ron Hayes, in which Mr. Hayes testifies that Plaintiff did not utilize, much less exhaust, the jail's grievance system for the incident underlying his complaint [Doc. 26-1]. While this statement is somewhat contradicted by Plaintiff's statement his sworn complaint[3] that he filed a grievance regarding this incident [Doc. 1 p. 2], Plaintiff has not come forward with specific sworn proof from which a reasonable jury could find that he exhausted all available remedies prior to filing this lawsuit to rebut Defendants' evidence that he did not.

The Supreme Court has found that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Accordingly, the Court finds that Plaintiff has failed to rebut Defendants' evidence that no genuine issue of material fact remains on the issue of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit and they are entitled to summary judgment.

---

[3] As Plaintiff signed his complaint under penalty of perjury pursuant to 28 U.S.C. § 1746, it carries the same weight as an affidavit for purposes of summary judgment. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).

4

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions for summary judgment [Doc. 24, 27] will be **GRANTED** and this action will be **DISMISSED without prejudice**.

Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff should be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/ Leon Jordan
United States District Judge